# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT BROWNING, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL CASE NO. H-10-4478 |
| § | | |
| SENTINEL INSURANCE COMPANY § | | |
| and CAVALRY CONSTRUCTION § | | |
| CO., § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Scott Browning's Motion to Remand [Doc. # 6], to which Defendant Sentinel Insurance Company ("Sentinel") filed a Response [Doc. # 8]. Plaintiff neither filed a reply nor requested additional time to do so. Having considered the full record and the applicable legal authorities, the Court **denies** the Motion to Remand.

## I.   BACKGROUND

Sentinel issued an insurance policy to Plaintiff Browning, a Texas resident. After his home was damaged in September 2008 during Hurricane Ike, Browning submitted to Sentinel a claim under the insurance policy for the property damage. Plaintiff alleges that Sentinel "assigned Cavalry [Construction Co.] to adjust the claim." *See* Original Petition [Doc. # 1-2], ¶ 12. Uncontroverted evidence submitted

by Plaintiff, however, establishes that Cavalry Construction Co. ("Cavalry") is not an adjuster and, instead, merely provided an estimate for repair work for Browning's home. *See* Cavalry's Verified Answer, Exhibit to Motion to Remand [Doc. # 6-3], ¶ 5; Cavalry's "Estimate," Exhibit to Motion to Remand [Doc. # 6-1].

Browning filed this lawsuit in the 11th Judicial District Court of Harris County, Texas, alleging that Cavalry, a non-diverse defendant, violated provisions of the Texas Insurance Code.[1] Sentinel removed the case to this Court, arguing that Cavalry had been improperly joined and, as a result, its Texas citizenship should not be considered when determining whether there is diversity jurisdiction. Plaintiff filed the Motion to Remand, which has been fully briefed and is ripe for decision.

## II.     **IMPROPER JOINDER ANALYSIS**

Sentinel asserts that Cavalry was improperly joined. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell*

---

[1] Although Plaintiff asserts causes of action against Sentinel under the Texas Insurance Code and for fraud, breach of contract, and breach of the duty of good faith and fair dealing, the only cause of action asserted against Cavalry is for violations of the Texas Insurance Code.

*v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). If necessary, the district court may "pierce the pleadings" and consider other evidence to determine whether, under controlling state law, the non-removing party has a basis in fact for a valid claim against the non-diverse defendant. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 70 (5th Cir. Feb. 1, 2010). This is particularly appropriate where the plaintiff has "misstated or omitted discrete facts" that are relevant to or dispositive of the improper joinder analysis. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *Smith v. Petsmart Inc.*, 278 F. App'x 377, 379 (5th Cir. May 15, 2008).

The Texas Insurance Code prohibits certain practices by persons "engaged in the business of insurance." *See* TEX. INS. CODE § 541.002. In this case, the uncontroverted evidence establishes that Cavalry is a construction company that was hired by Sentinel to provide an estimate or appraisal of repair costs for the damage to Plaintiff's home. It is well-established that Texas law does not recognize a claim under the Texas Insurance Code against independent firms who are hired to provide engineering or similar services to the insurance company. *See Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex. App. – Houston [14th Dist.] 2000, no pet.) (engineering services); *Woodward v. Liberty Mut. Ins. Co.*, 2009 WL 1904840, *4 (N.D. Tex. July 2, 2009) (appraisal services); *Bunting v. State Farm Lloyds*, 1999 WL 134642, *1 (N.D. Tex. Mar. 4, 1999) (appraisal services). Plaintiff has not cited any case, and the Court's independent research has revealed none, in which an independent construction firm hired by the insurance company to provide an estimate or appraisal of repair costs is held to be a person engaged in the business of insurance for purposes of the Texas Insurance Code.

In this case, there is no evidence that Cavalry participated in any way in the sale or servicing of Plaintiff's insurance policy, made any representations to Plaintiff regarding the coverage available under the policy, or adjusted Plaintiff's insurance claim. Instead, the uncontroverted evidence establishes that Cavalry provided an

estimate of repair costs, a service consistently held by courts in Texas – state and federal – not to constitute engaging in the business of insurance for purposes of a claim under the Texas Insurance Code. As a result, there is no reasonable basis for this Court to predict that Plaintiff could recover against Cavalry on his Texas Insurance Code claim.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Cavalry was improperly joined and its citizenship cannot be considered in determining whether this Court has subject matter jurisdiction based on diversity of citizenship. Because there is complete diversity between Browning and Sentinel, and because the amount in controversy exceeds the jurisdictional amount, the Court has subject matter jurisdiction in this case. It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this 24th day of **January, 2011**.

Nancy F. Atlas
United States District Judge